IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH J. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv670-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff Kenneth Davis (hereinafter Plaintiff or Davis) applied for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, 1381 (2000), alleging that he was unable to work because of a disability.  His applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ also denied the claims.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1986). The case is now before the Court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Doc. #8, #9. Based on its review of the record and the briefs of the parties, the Court reverses and remands the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

To make this determination,[2] the Commissioner employs a five step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

>[The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[3]McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. See, e.g., Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981).

The Court observes that in Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981 (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ISSUES

*A.     Introduction*

Plaintiff was forty-six years old at the time of the hearing before the ALJ with a high school education. Tr. at 43. Plaintiff's prior work experience includes work as a knife sharpener, painter, produce clerk, smoker-meat, dryer in a peanut plant, and cutter helper in a textile plant. Tr. at 43. Following the administrative hearing, the ALJ concluded that Plaintiff had two severe impairments and possessed a residual functional capacity (RFC) to perform past relevant work as a knife sharpener as well as a significant number of other jobs existing in the national economy. Tr. at 45, 52-53.

*B.     Plaintiff's Claims*

Plaintiff presents four issues for review: (1) whether the Court should remand the ALJ's determination for consideration of new evidence submitted with Plaintiff's brief; (2) whether the ALJ properly accounted for all of Plaintiff's limitations in his hypothetical question to the vocational expert; (3) whether the ALJ properly characterized and considered the medical opinion of Dr. Crawford; and (4) whether the ALJ's RFC determination is supported by substantial evidence. Plf.'s Brief in Supp. Compl. (Doc. #15) at 12-15 (Plaintiff's Brief).

Employing the five step process, ALJ Henson found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date (Step 1); has two severe impairments

4

(Step 2); and the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3). Tr. at 45, 51-52. But, based upon Plaintiff's RFC, the ALJ found that Plaintiff could perform his past relevant work as a knife sharpener (Step 4). Tr. at 49, 52. Consequently, Plaintiff had not established his *prima facie* case. The ALJ also received testimony from a vocational expert regarding the availability in significant numbers of other work Plaintiff could perform in the national economy and found that, based on the expert's testimony, Plaintiff's RFC, and Plaintiff's age, education, and work experience, Davis had the ability to perform other work. Tr. at 50-51, 53. As a result, the ALJ found Plaintiff has not been disabled since the alleged onset date. Tr. at 51.

## IV. DISCUSSION

Plaintiff argues that the Court should remand the ALJ's determination for consideration of new evidence submitted with his brief in support of the Complaint. Plaintiff's Brief at 15. More specifically, Plaintiff directs the Court to a letter dated October 19, 2006, from Dr. Aliabadi, M.D., F.A.C.C., who opines that Plaintiff "needs to be considered permanently and totally disabled." Plaintiff's Brief at unnumbered page 17. Plaintiff summarily claims that the evidence is new, relevant, and probative, and there is good cause for the failure to submit the evidence at the administrative level. Defendant counter argues that the evidence is not relevant to the ALJ's finding that Plaintiff was not disabled for the period from January 1, 1999, to December 30, 2002, and thus, remand is

inappropriate.  Def.'s Mem. in Supp. Commr's Decision (Doc. #16) at 11.

As stated above, the evidence in question contains a letter from Dr. Aliabadi, who indicates that Plaintiff was readmitted on September 14, 2006, with unstable angina and a "non-ST elevated myocardial infraction."  Id.  In addition to discussing the treatment Plaintiff received at that time, Dr. Aliabadi also describes, as provided in the record, Plaintiff's medical history of coronary artery disease in 2001, but adds that "[t]he stent in Plaintiff's main stream left anterior descending artery rendered the ostial lesion more significantly stenotic than initially appeared."  Plaintiff's Brief at unnumbered page 17.

Subsection 405(g) of Title 42 provides that judicial review of the Commissioner's disability determination is based on the "pleadings and transcript of the record."  42 U.S.C. § 405(g) (2000).  The sixth sentence of subsection (g), however, permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence. 42 U.S.C. § 405(g).  To succeed on his claim that remand is appropriate, Davis must show that:  "(1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level."  Vega v. Comm'r of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001); Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); see also Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986); Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).  After reviewing the record, the undersigned concludes that a portion of Davis' newly submitted

evidence meets these requirements.

Plaintiff urges the Court to focus on the doctor's more recent evaluation of Plaintiff's myocardial infarction in 2006. While the 2006 evaluation contains new information for which Plaintiff could not have submitted previously, this information is not relevant or probative to the ALJ's decision. The 2006 evaluation occurred four -years after the ALJ's decision, and as argued by Defendant, does not relate to the time period (January 1, 1999, to December 30, 2002,) for which benefits are sought. Caulder, 791 F.2d at 878. Nonetheless, the doctor's additional statement describing the severity of Plaintiff's myocardial condition in 2001 satisfies the requirements for remand.

Dr. Aliabadi discovered in September 2006 that the stent from 2001 in Plaintiff's main stream "left anterior descending artery rendered the ostial lesion more significantly stenotic than initially appreciated," after the ALJ rendered his decision in December 2002. Plaintiff's Brief at unnumbered page 17 (emphasis added). The doctor's letter, although not a model of clarity, suggests that Plaintiff's 2001 myocardial infraction condition was more severe than initially diagnosed. Accordingly, Dr. Aliabadi's evaluation is new and non-cumulative. See Vega, 265 F.3d at 1218-19. The doctor's opinion also satisfies the second requirement, as the evidence undermines the ALJ's findings and conclusions regarding the severity of Davis' 2001 myocardial infraction, an impairment the ALJ found severe. See id. at 1219; Caulder, 791 F.2d at 878. The evidence also contains a medical opinion on the severity of the impairment during the time period (January 1, 1999, to December 30, 2002,) for which

7

benefits are sought. Caulder, 791 F.2d at 878. The fact that Dr. Aliabadi's treatment and examination of Davis took place several years later in the proceedings does not undermine the weight to be given to his diagnosis. See id. (citing Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983) (concluding that a treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date)).[4] Moreover, Davis meets the third requirement because the discovery of the lesion's significance took place after the ALJ's decision. Plaintiff therefore had good cause for not submitting this evidence to the ALJ. Vega, 265 F.3d at 1218-19; Caulder, 791 F.2d at 878 (citing Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985); Johnson v. Harris, 612 F.2d 993, 998 (5th Cir. 1980)); but see Butler v. Barnhart, 347 F. Supp. 2d 1116, 1125 (M. D. Ala. 2003) (finding that the good cause requirement was not met where the medical evidence in question existed at the time of the administrative hearing). The Court therefore finds that Dr. Aliabadi's evaluation fulfills the requirements for a remand of this case.[5]

## V. CONCLUSION

The Court has carefully and independently reviewed the record and concludes that the

---

[4] The Court observes that Dr. Aliabadi's letter appears on letterhead from the practice of Hearts South PC located at Doctors Building, Suite 403, 1118 Ross Clark Circle in Dothan, Alabama, the same address and practice listed for Dr. Schwadron, M.D., Davis' treating physician in 2001. Compare Plaintiff's Brief at unnumbered page 17 with Tr. at 170, 172, 175. In fact, the record reveals that the practice employed both physicians during the period for which disability benefits are sought. Tr. at 172, 175.

[5] In light of the above finding, the Court need not reach Plaintiff's other four issues at this time.

decision of the Commissioner is due to be REVERSED, and the case REMANDED to the Commissioner for further proceedings consistent with this opinion. A separate order will issue.

DONE this 9th day of May, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE